*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re B G SALVATORE, Minor.

UNPUBLISHED
September 3, 2019

No. 347730
Wayne Circuit Court
Family Division
LC No. 18-001254-NA

Before: BECKERING, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

Respondent mother appeals by right the trial court's order terminating her parental rights to the minor child, BS, under MCL 712A.19b(3)(g) (failure to provide proper care and custody), MCL 712A.19b(3)(i) ("[p]arental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and the parent has failed to rectify the conditions that led to the prior termination of parental rights[]"), MCL 712A.19b(3)(j) (reasonable likelihood of harm if returned to custody of the parent) and MCL 712A.19b(3)(k)(*i*) (the parent abandoned the child or a sibling of the child "and there is a reasonable likelihood that the child will be harmed if returned to the care of the parent"). We affirm.

BS was born with amphetamines, methadone, opiates, and benzodiazepines, in her system. Respondent admitted to the on-call CPS worker at the hospital that she used various prescription drugs during her pregnancy for which she had no prescriptions, was homeless, and had untreated mental health issues. She also revealed that a court had previously terminated her parental rights to another child, DS. The day after giving birth to BS, respondent left the hospital without naming the child and disappeared. Because of the circumstances of BS's birth and the prior termination of her parental rights to DS, the Department of Health and Human Services (DHHS) moved to terminate respondent's parental rights at the initial disposition. Despite multiple efforts by petitioner to contact respondent and ultimately notify her of the proceedings, respondent failed to appear at any of the ensuing court hearings until the end of the termination hearing, as the court was stating its decision on the record, when respondent entered and identified herself for the record. Based on the reasons set forth in the petition, as established at

-1-

the termination trial, the trial court terminated respondent's parental rights, and this appeal followed.[1]

Respondent first argues that the trial court erred by terminating her parental rights because it did not make reasonable efforts to reunify her with BS. We disagree.

To preserve the issue of whether reasonable efforts were made to reunify a child with his or her family, a respondent must "object or indicate that the services provided to them were somehow inadequate" at the trial court level. *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569 (2012). Respondent failed to object to her lack of a service plan at the trial court level. Thus, the issue is unpreserved, and our review is for plain error affecting respondent's substantial rights. *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011). Under the plain-error test, a plain error "affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008). Respondent "bears the burden of persuasion with respect to prejudice." See *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999) ("It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice.") (quotation marks and citation omitted).

"Generally, when a child is removed from the parents' custody, the petitioner is required to make reasonable efforts to rectify the conditions that caused the child's removal by adopting a service plan." *In re HRC*, 286 Mich App 444, 462; 781 NW2d 105 (2009). However, this is not always the case. The petitioner is not required to make reasonable efforts to reunify a parent and child where "[t]he parent has had rights to the child's siblings involuntarily terminated and the parent has failed to rectify the conditions that led to that termination of parental rights." MCL 712A.19a(2)(c). The record indicates that respondent's rights to a prior child, DS, were terminated in March 2016 after respondent failed to complete or to benefit from a court-ordered treatment plan that included substance abuse counseling, psychiatric and psychological evaluations, housing referrals, and parenting classes. According to the record, DS tested positive for marijuana and morphine at 30 weeks' gestation, and respondent tested positive for benzodiazepines, marijuana, methadone, and opiates at the time of DS's delivery. From the fact that BS had amphetamines, methadone, opiates, and benzodiazepines in her system at birth, and respondent admitted to using drugs throughout her pregnancy with BS, it is clear that respondent failed to rectify the conditions that lead to the termination of her parental rights in DS. Thus, the conditions set forth in MCL 712A.19a(2)(c) were met, and petitioner was not required to make reasonable efforts to reunify respondent with BS.

In a conclusory fashion, respondent also argues that the trial court erred by finding clear and convincing evidence of statutory grounds to terminate her parental rights. We disagree. We review a trial court's findings that a ground for termination has been established, and that

---

[1] During the course of the termination proceedings, respondent provided petitioner with the name of the putative father. That person appeared before the court, DNA testing revealed that he is BS's father, and paternity was established. BS was then placed with the father; he was not made a respondent in these proceedings.

termination is in the best interests of the children, under the clearly erroneous standard. MCR 3.977(K); *In re Rood*, 483 Mich 73, 90-91; 763 NW2d 587 (2009). A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake was made. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010). To be clearly erroneous, a decision must be more than maybe or probably wrong. *In re Sours Minors*, 459 Mich 624, 633; 593 NW2d 520 (1999). Further, regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it. MCR 2.613(C); *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989).

"To terminate parental rights, a trial court must find by clear and convincing evidence that at least one statutory ground under MCL 712A.19b(3) has been established. *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182. Clear and convincing evidence is evidence that

> "produce[s] in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the fact-finder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in an issue." [*In re Martin*, 450 Mich 204, 227; 538 NW2d 399 (1995), quoting *In re Jobes*, 108 NJ 394, 407-408; 529 A2d 434 (1987).]

"Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights, even if the court erroneously found sufficient evidence under other statutory grounds." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

The trial court terminated respondent's parental rights under MCL 712A.19b(3)(g), (i), (j), and (k)(*i*), which allow the trial court to terminate a parent's rights if it finds by clear and convincing evidence that any of the following exist:

> (g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.
>
> * * *
>
> (i) Parental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and the parent has failed to rectify the conditions that led to the prior termination of parental rights.
>
> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.
>
> (k) The parent abused the child or a sibling of the child, the abuse included 1 or more of the following, and there is a reasonable likelihood that the child will be harmed if returned to the care of the parent:

(*i*) Abandonment of a young child.

Our review of the record convinces us that the trial court did not clearly err by finding clear and convincing evidence to terminate respondent's parental rights pursuant to MCL 712A.19b(3)(j). As already indicated, respondent's parental rights to an older child were involuntarily terminated due to substance abuse, untreated mental health issues, and transiency. Although provided with reunification services, respondent failed to complete or to benefit from them. Respondent's inability to rectify—or even properly to address—these issues is evident in the case at bar, where various drugs were found in BS's system at birth, respondent's transiency would affect BS, and respondent admitted to the on-call CPS worker that she still struggled with untreated mental health issues. A parent's untreated mental illness and substance abuse problems are factors showing that the child could be harmed if returned to his or her parent's care. See *In re Moss*, 301 Mich App at 81-82 (considering the respondent's untreated mental health issues and substance abuse problems as factors establishing statutory grounds to terminate the respondent's parental rights under MCL 712A.19b(3)(g) and (j)).

In addition, respondent's conduct after the birth of the child indicates respondent's lack of capacity to undertake even minimal parenting responsibilities. Respondent left the hospital one day after giving birth to BS, before filling out any birth records or naming the child, and did not return. Although respondent was offered weekly visits with BS, she saw her only once during the 115 days between her abandonment of BS at the hospital and the date of the termination hearing; she failed to provide any support for BS, material or otherwise. Respondent did not provide the foster-care agency or petitioner a reliable means of contacting her, thus leaving her whereabouts unknown and the foster-care worker at the mercy of respondent's decision to initiate contact. In addition, respondent did not participate in the child protective proceedings,[2] and she apparently did not indicate to the foster-care worker or petitioner that she desired reunification with BS.

On this record, we are not definitely and firmly convinced that the trial court erred in concluding that there is a reasonable likelihood that BS will be harmed if returned to respondent. Respondent's parental rights to BS's sibling were previously terminated, and she had not rectified the conditions that lead to that termination. Her drug abuse, untreated mental health issues, and transiency, left her without the capacity to care for BS and keep the infant safe, and respondent's conduct did not indicate that she sought to address these issues. Accordingly, the trial court did not clearly err in finding grounds to terminate respondent's parental rights under MCL 712A.19b(3)(j). Because "[o]nly one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights," *In re Ellis*, 294 Mich App at 33, we need not address the other statutory grounds under which the court terminated respondent's parental rights.

---

[2] As noted above, the record shows that respondent first appeared before the court during the final minute of the termination hearing, just as the court concluded its ruling from the bench. Respondent entered the courtroom and gave her name for the record.

Respondent also argues conclusory that termination of her parental rights was not in the best interests of BS. Once again, we disagree. This Court reviews for clear error the trial court's best-interests determination. *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016).

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40-41; 823 NW2d 144 (2012). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App at 90. The trial court may rely upon evidence in the entire record, including the evidence establishing the statutory grounds for termination. *In re Trejo*, 462 Mich 341, 353-354; 612 NW2d 407 (2000), superseded by statute on other grounds as recognized in *In re Moss*, 301 Mich App at 83. "The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App at 713. In considering the child's best interests, the trial court's focus must be on the child and not the parent. *In re Moss*, 301 Mich App at 87. The court may consider the parent-child bond, the respondent's parenting ability, and the child's need for permanency, stability, and finality. *In re Olive/Metts Minors*, 297 Mich App at 41-42 (citations omitted).

The trial court found termination of respondent's parental rights to be in BS's best interests because respondent had abandoned BS, had not come forward to engage in a plan to regain custody of her, and her whereabouts were unknown. The court also noted that respondent had previously given birth to a drug-addicted child and petitioner had offered a treatment plan to address the barriers to reunification with that child. However, respondent had failed to benefit from that plan, resulting in her continued drug abuse, mental health struggles, and transiency. Based on these factors, the court concluded that a preponderance of the evidence showed that termination of respondent's parental rights to BS was in the child's best interests.

The evidence supports the trial court's finding that termination of respondent's parental rights was in the best interests of BS. As already discussed, BS was born with amphetamines, methadone, opiates, and benzodiazepines in her system. Respondent admitted that she used methadone, opiates, benzodiazepines, Xanax, Valium, Norco, and marijuana throughout her pregnancy with BS, and that she did not have a prescription for any of these drugs, but got them from friends. The trial court heard testimony that no parent-child bond existed between respondent and BS, which is not surprising given that respondent abandoned BS shortly after birth, visited her only once thereafter, and showed no interest in parenting the child. Respondent's transience made it unlikely that she could provide a safe, stable environment for BS. In light of all of these factors, we conclude that a preponderance of the evidence indicated that termination of respondent's parental rights was in BS's best interests, and that the trial court

did not clearly err in ordering such termination. Especially as an infant, BS needed safety, security, stability, and a loving home.[3]

Affirmed.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Thomas C. Cameron

---

[3] BS's placement with her father did not weigh against termination or require special consideration by the trial court when determining the child's best interests. See *In re Schadler*, 315 Mich App 406, 413; 890 NW2d 676 (2016).